UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO:

ANTHONY LOVETT,

    Plaintiff,

v.

KS JANITORIAL SERVICES, INC.,
a Florida for-profit corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, ANTHONY LOVETT ("Plaintiff"), pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendant, KS JANITORIAL SERVICES, INC. ("Defendant"), and alleges as follows:

### INTRODUCTION

1. Just days after Plaintiff and Defendant resolved unpaid overtime claims arising under the Fair Labor Standards Act ("FLSA") Defendant unlawfully terminated Plaintiff's employment in direct retaliation for attempting to recover his hard-earned wages. This action arises under the Fair Labor Standards Act ("FLSA"), pursuant to *29 U.S.C. §§ 201-216*, to recover back pay, front pay, and damages arising from the emotional distress that Defendant has caused to Plaintiff.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of Hillsborough County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, KS JANITORIAL SERVICES, INC., was a Florida for-profit corporation located and transacting business within Tampa, Florida, within the jurisdiction of this Honorable Court.

4. During all times material hereto, Plaintiff worked for Defendant, KS JANITORIAL SERVICES, INC., at 10215 N. 30th Street, Tampa, Florida 33612.

5. Defendant, KS JANITORIAL SERVICES, INC., was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

**JURISDICTION AND VENUE**

6. All acts and omissions giving rise to this dispute took place within Hillsborough County, Florida, which falls within the jurisdiction of this Honorable Court.

7. Defendant, KS JANITORIAL SERICES, INC., regularly transacts business in Hillsborough County, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

8. Venue is also proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

**GENERAL ALLEGATIONS**

9. Defendant, KS JANITORIAL SERVICES, INC., is a provider of janitorial services within the Tampa Bay area of Florida. Its services include post-construction cleaning; carpet maintenance; floor maintenance; sanitizing; window cleaning; and tile buffing, stripping, and waxing. *See http://www.ks-janitorial.com/?section=about-ks* (last visited June 30, 2020).

10. Defendant employs individuals such as Plaintiff to provide labor and perform cleaning operations for various entities within the Tampa Bay and surrounding areas.

## FLSA COVERAGE

11. The FLSA covers Defendant, KS JANITORIAL SERVICES, INC., through enterprise coverage, as Defendant was engaged in interstate commerce during Plaintiff's employment period. More specifically, Defendant's business and Plaintiff's work for Defendant affected interstate commerce because the goods and materials that Plaintiff and other employees used or handled on a constant and continuous basis moved through interstate commerce prior to Plaintiff's use of the same. Accordingly, Defendant was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

12. During his employment with Defendant, Plaintiff and multiple other employees handled and worked with various goods or materials that moved through interstate commerce, including, but not limited to gloves, mops, brooms, dustpans, disinfectants, wipes, spray bottles, wax, vacuums, trash bags, etc.

13. Defendant, KS JANITORIAL SERVICES, INC., regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials as Plaintiff, thus making Defendant, KS JANITORIAL SERVICES, INC., an enterprise covered by the FLSA.

14. Upon information and belief, Defendant, KS JANITORIAL SERVICES, INC., grossed or did business in excess of $500,000.00 during the years 2018 and 2019, and it is expected to gross in excess of $500,000.00 in 2020.

15. During all times material hereto, Plaintiff was a non-exempt hourly employee of Defendant within the meaning of the FLSA.

\

**PLAINTIFF'S WORK FOR DEFENDANTS**

16. Plaintiff was employed with Defendant as a janitor from on or around June 2018 through August 13, 2020.

17. During all time periods pertinent to this Complaint, Defendant retained the power to hire, fire, and discipline employees, as well as control company pay practices as they relate to Plaintiff and other company employees.

18. During all time periods pertinent to this Complaint, Plaintiff performed non-exempt work for Defendant as a janitor, cleaning up the acid on the floors of a battery plant.

19. During all times material hereto, Plaintiff was an hourly employee whole regular hourly rate was ten dollars ($10.00) per hour.

20. On or about July 1, 2020, Plaintiff filed a lawsuit against Defendant in the Middle District of Florida alleging that Defendant had violated the Fair Labor Standards Act ("FLSA") by refusing to pay Plaintiff proper overtime wages when Plaintiff worked in excess of forty (40) hours in a workweek.  *See M.D. Fla. Case No. 8:20-cv-01511-VMC-CPT.*

21. Plaintiff's filing of the FLSA lawsuit on July 1, 2020, constitutes protected activity under the FLSA.

22. On or about July 30, 2020, Plaintiff and Defendant executed a Settlement Agreement that required Defendant to compensate Plaintiff unpaid wages arising from the alleged overtime violations.  The terms of this Settlement Agreement **did not** include separation or termination of employment in any conceivable way.

23. On or about August 11, 2020, the Honorable Virginia M. Hernandez Covington approved the Plaintiff and Defendant's Settlement Agreement as a fair and reasonable compromise

of the Plaintiff's overtime claim under the FLSA. *See M.D. Fla. Case No. 8:20-cv-01511-VMC-CPT at D.E. 21*.

24. Just two (2) days later, on August 13, 2020, the Defendant terminated Plaintiff's employment in retaliation for Plaintiff filing the FLSA lawsuit against Defendant.

25. Plaintiff's filing and ultimate resolution of the FLSA lawsuit is the direct cause of Plaintiff's termination and any other reason or justification for termination advanced by Defendant is pretextual.

**COUNT I – FLSA RETALIATION – *29 U.S.C. § 215***

26. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 25 as though set forth fully herein.

27. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

28. Plaintiff engaged in protected activity under the FLSA by filing a lawsuit against Defendant on July 1, 2020, in which Plaintiff sought to recover unpaid overtime wages.

29. Defendant had knowledge of Plaintiff's protected activity, as Defendant was served with the FLSA lawsuit and actively participated in the FLSA lawsuit.

30. On or about August 11, 2020, the Plaintiff and Defendant resolved the FLSA lawsuit and the Court approved the terms of the settlement as a fair and reasonable compromise.

31. Defendant terminated Plaintiff's employment two (2) days later on August 13, 2020, in direct response to Plaintiff's participation and ultimate resolution of the FLSA lawsuit.

32. The temporal proximity of Plaintiff's termination to Plaintiff's participation in the FLSA lawsuit creates a presumption that Plaintiff's protected activity was the direct cause of his termination.

33. Any other justification given for Plaintiff's termination is pre-textual.

34. Defendant's termination of Plaintiff constitutes unlawful retaliation that is prohibited under the FLSA.

35. Since his termination, Plaintiff has mitigated his damages by attempting to find alternative work, but as of the date of this filing, has been unsuccessful.

36. As a result of Plaintiff's unlawful termination, Plaintiff has suffered damages including lost back wages, lost front wages, emotional distress, pain and suffering, loss of reputation, and other damages that will be proven at trial.

37. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ANTHONY LOVETT, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, KS JANITORIAL SERVICES, INC., and award Plaintiff: (a) back wages to be paid by Defendant; (b) front wages to be paid by Defendant; (c) damages arising from emotional distress, pain and suffering, and loss of reputation to be paid by Defendant; (d) immediate reinstatement or wages in lieu of reinstatement in the event that reinstatement is not feasible; reasonable attorney's fees and costs to be paid by Defendant; and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ANTHONY LOVETT, requests and demands a trial by jury on all appropriate claims.

**Dated this 27th day of August, 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 East Broward Blvd., Suite 301
Fort Lauderdale, Florida 33301
Tel: (954) 871-0050
*Counsel for Plaintiff, Anthony Lovett*

By: _/s/ Jordan Richards, Esq._
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
[Jordan@jordanrichardspllc.com](mailto:Jordan@jordanrichardspllc.com)
[Melissa@jordanrichardspllc.com](mailto:Melissa@jordanrichardspllc.com)
[Jake@jordanrichardspllc.com](mailto:Jake@jordanrichardspllc.com)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on August 27, 2020.

By: _/s/ Jordan Richards, Esq._
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: